U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Applicant,

v.

COMMONWEALTH OF MASSACHUSETTS, Respondent.

No. 90 C 3732.

United States District Court, N.D. Illinois, E.D.

Nov. 7, 1990.

Steven L. Brenneman, John P. Rowe, Jason S. Hegy, E.E.O.C., Chicago, Ill., for applicant.

Thomas Moran, Boston, Mass., for respondent.

## MEMORANDUM OPINION AND ORDER

LINDBERG, District Judge.

The U.S. Equal Employment Opportunity Commission ("EEOC") filed an application for an order to show cause why an administrative subpoena *duces tecum* issued by the EEOC on May 1, 1990 should not be enforced against the respondent Commonwealth of Massachusetts ("Respondent"). The application was made pursuant to Section 7(a) of the Age Discrimination in Employment of 1967, as amended, 29 USC § 626(a) ("ADEA"). EEOC sought documents from Respondent necessary to permit the EEOC to investigate a charge of age discrimination received by the EEOC and made against Respondent. The Respondent failed to comply with the EEOC subpoena and the EEOC moved for an order to show cause against Respondent which this Court granted.

In response thereto, Respondent filed the affidavit of Thomas Moran, tax counsel in the legal bureau of the Massachusetts Department of Revenue ("Department") who acts as disclosure counsel to the Department. In relevant part, the gist of Mr. Moran's affidavit was that the Department was forbidden to disclose evaluative records of its employees under Massachusetts' statutes. It also appears that a statute requires notice to the subject-employee of a demand for data made by means of a compulsory legal process so that the employee may have a reasonable time in which he might seek to have the process quashed. Mr. Moran, after extensive legal discussion, concluded that the Department is prohibited by state law from complying with all the terms of the Equal Employment Opportunity Commission subpoena absent a court order which is to be issued only if the applicant has shown reasonable cause to believe that a crime has been committed, reason to believe the information sought is probative of a matter in issue concerning the criminal act and that the information sought cannot reasonably be obtained from any other source, relying upon *In re Hampers*, 651 F.2d 19 (1st Cir.1981).

In response, the EEOC notes that included in Mr. Moran's affidavit was an acknowledgement that the subject-employees had been so notified of the EEOC's demand for records and that neither the Respondent nor the EEOC has received any information of an intention of the subject-employees to attempt to quash the subpoena. EEOC makes this assertion without conceding that Massachusetts' statutes preclude discovery and disclosure of the relevant personnel files in furtherance of a federal claim pursued in federal court.

EEOC further argues that in *Memorial Hospital for McHenry County v. Shadur*, 664 F.2d 1058 (7th Cir.1981), the Seventh Circuit Court of Appeals set forth the analytical framework for deciding claims of state law privilege in litigation under Federal law. The Seventh Circuit concluded that evidentiary privileges which operate to exclude relevant evidence are not favored and when recognized must be narrowly construed. The Court held that the need for truth should be weighed against the importance of the relationship or policy sought to be furthered by the privilege to determine the likelihood that the recognition of the privilege will in fact protect that relationship in the factual setting of the case. The *Shadur* Court found that in *Hampers* the Federal interest outweighed the State's interest in encouraging frank discussion of hospital peer review committees, because denial of access to the information may very well foreclose a plaintiff from bringing his action altogether.

EEOC further argues that to deny it access to the subpoenaed information will prevent it from conducting its investigation of the charge of discrimination as mandated by Congress through its enactment of the ADEA and, in particular, would result in granting Respondent absolute liability from prosecution for the alleged violations

of the ADEA involved in the instant case. EEOC distinguished *Hampers* wherein that Court noted that in *Hampers* the Federal interest was not substantial because the information sought was only corroborative and was seemingly ascertainable from sources other than state tax returns. EEOC argues that *Hampers* itself suggests that where, as here, the information sought is relevant to alleged civil rights violations by a state and cannot be obtained elsewhere, no privilege will be recognized. EEOC noted that the broad investigatory authority to compel disclosure of pertinent evidence was recently affirmed by the United States Supreme Court in *University of Pennsylvania v. EEOC*, 493 U.S. 182, 110 S.Ct. 577, 107 L.Ed.2d 571 (1990) wherein the Court rejected a university's claim under FRE 501 that peer review materials were privileged against disclosure. Finally, EEOC relies on the Supremacy Clause of the United States Constitution contending that the EEOC's authority under a Federal statute, the ADEA, is superior to a claimed state law prohibition against disclosure, and that therefore, there is no danger that producing the subpoenaed information will subject those disclosing the information to prosecution.

Based upon the representations and arguments of counsel for EEOC and Respondent and it appearing that more than reasonable time has elapsed since notification by Respondent to the subject-employees of the EEOC's subpoena *duces tecum*, this Court finds that there has been appropriate compliance with Respondents' Fair Information Practices Act, Massachusetts' General Laws, ch. 66A, § 2(k). The persons whose personnel data is being sought have been notified of the demand and a reasonable time has passed without those persons seeking to have this process quashed.

The Court further finds that the holding in *In re Hampers*, relied upon by respondent as establishing the steps required to be taken to procure the release of personnel data, is inapplicable as a different statute, one relating to the disclosure of income tax returns and not personnel records was the statute construed in *In re Hampers*. The statute involved in these pro-

ceedings, Massachusetts' General Laws ch. 66A, § 2(k), establishes its own procedure for disclosure, one that the Court finds has been met in the instant case.

As an additional basis of decision the Court relies upon the reasoning and authority of *Memorial Hospital for McHenry County v. Shadur*, 664 F.2d 1058 (7th Cir. 1981) and the Supremacy Clause of the United States Constitution. As the *Shadur* court noted:

> To the extent the Illinois Medical Studies Act could be construed to exclude evidence relevant to a claim based on a federal law in an action brought in federal court, it is rendered void and of no effect by that provision [the Supremacy Clause], and any state's prosecution of the Hospital based upon that law would be barred.

*Shadur*, 664 F.2d at 1063–4.

ORDERED: Respondent, Commonwealth of Massachusetts, is ordered to comply with the subpoena *duces tecum* issued by the United States Equal Employment Opportunity Commission, No. CH 90–32, served on Respondent on May 1, 1990 and requiring Respondent to produce certain personnel records in conjunction with the instant age discrimination claim.